OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Thomas W. Beach appeals his conviction and sentence entered October 7, 2003, in the New Philadelphia Municipal Court on one count of leaving the scene of an accident in violation of R.C.4549.021. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On October 7, 2003, following a bench trial, appellant was found guilty of one count of leaving the scene of an accident in violation of R.C. 4549.021, a misdemeanor of the first degree. The trial court immediately sentenced appellant, and appellant moved the trial court for a stay of execution of the sentence. The trial court granted the stay pending appeal.
{¶ 3} It is from the October 7, 2003 conviction and sentence appellant now appeals raising the following assignment of error:
{¶ 4} "I. The judgment rendered after bench trial finding the defendant guilty of leaving the scene of an accident was unsupported by sufficient evidence and against the manifest weight of the evidence."
{¶ 5} The record of the trial court proceedings was filed with this Court on December 18, 2003. On December 19, 2003, the Clerk of Court's notified the parties of the filing of the record, indicating there was no transcript filed. The record on appeal indicates appellant filed a request for transcripts. On November 18, 2003, the trial court notified appellant, via Order, "the New Philadelphia Municipal Court does not staff a certified court reporter or transcriptionist. Therefore, the court's authorized stenographer may be contacted for preparation of a transcript and the estimated cost of the same." The record does not indicate any further attempt or effort by appellant to obtain or to file the transcript of the proceedings.
{¶ 6} Despite his failure to file the transcript of the trial court proceedings in the record, appellant's brief relies upon lengthy excerpts of the transcript to set forth the facts and his argument on appeal. Absent the filing of the transcript in the record, appellant's reliance is misplaced
{¶ 7} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197,400 N.E.2d 384, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
{¶ 8} Based upon the authority of Knapp, we presume the regularity of the trial court's decision, and affirm appellant's conviction and sentence.
{¶ 9} The October 7, 2003 conviction and sentence of the New Philadelphia Municipal Court is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur for the reason stated in our accompanying Memorandum-Opinion, the October 7, 2003 conviction and sentence of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant.